| | |
|---|---|
| GEORGIA SENATOR NIKEMA WILLIAMS, et al., | |
| Plaintiffs, | CIVIL ACTION FILE NO. |
| v. | 1:20-CV-04012-MHC |
| COLIN POWELL, et al., | |
| Defendants. | |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY

Defendants filed a partial motion to dismiss and now seek to stay all discovery in this matter pending adjudication of that motion. Plaintiffs oppose Defendants' efforts to stay these proceedings. Whether or not Defendants' partial motion to dismiss is granted—in full, in part, or not at all—the parties will need to conduct discovery on the same operative facts. A stay of discovery would provide the parties with no efficiency benefits, but it would exact the certain cost of delay.

## PROCEDURAL POSTURE

A brief overview of Plaintiffs' claims and Defendants' efforts to partially dismiss illustrates how the scope of discovery would not be materially affected by any resolution of Defendants' motion to dismiss:

In Count I, Plaintiffs each asserted a claim for their unlawful seizure. These claims encompass both the false arrest and a malicious prosecution tort analogues. Defendants did not assert qualified immunity or otherwise move to dismiss the false arrest aspect of this claim, only taking issue with the malicious prosecution portion of the claim.

In Count II, Plaintiffs asserted a claim under the First Amendment. Plaintiffs' entitlement to relief stems from (1) their arrest in retaliation for protected speech, (2) an as-applied challenge to O.C.G.A. § 16-11-34.1 based on the facts leading to Plaintiffs' arrest and chilled speech, and (3) a facial challenge to the same statute. Defendants only moved to dismiss the facial challenge.

In Count III, Plaintiff Nikema Williams, who was at the time of her arrest a state senator, asserted that her arrest violated her state law legislator immunity. Defendants argue only that her legislative immunity *alone* would not protect her from arrest, but they have not moved to dismiss Williams' claim premised on her false arrest.

**ARGUMENT AND CITATION OF AUTHORITY**

This Court has broad discretion to regulate the cases on its docket, including the scheduling of discovery or granting a motion to stay pending resolution of a dispositive motion. *See Eisenband v. Starion Energy, Inc.*, No. 17-

2

80195-CIV-MARRA, 2017 U.S. Dist. LEXIS 97811, at *1-2 (S.D. Fla. June 16, 2017) (citing *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976)). Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Id.* (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).

"[A] stay of discovery pending the determination of a motion to dismiss is the **exception rather than the rule**" and "[a] request to stay discovery pending a resolution of a motion is rarely appropriate **unless resolution of the motion will dispose of the entire case**." *Ray v. Spirit Airlines, Inc.*, No. 12-61528-Civ-SCOLA, 2012 U.S. Dist. LEXIS 160948, at *2-3 (S.D. Fla. Nov. 9, 2012) (emphasis added) (internal citations and quotations omitted); *see also McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (stay pending resolution of motion to dismiss only appropriate where motion is "clearly meritorious and **truly case dispositive**" (emphasis added)).

Any resolution of Defendants' motion to dismiss will not dispose of the whole of this case. Far from it. As a practical matter, no matter how this Court proceeds with adjudicating Defendants' motion, the scope of discovery will not be materially affected. Defendants did not point to any way in which the scope of

discovery would be affected by their motion to dismiss. Because a discovery stay would only serve to delay the ultimate resolution of this matter, Defendants' request to push discovery off should be denied.

As to Claim I, because Defendants have not moved to dismiss the false arrest claims,[1] the parties will need to conduct discovery on those issues one way or the other. While Defendants have moved to dismiss the malicious prosecution claim, they have pointed to no difference in the scope of discovery that would result from that claim being out of the case. Practically, no such difference exists.

Regardless of whether or not there is a malicious prosecution claim, Plaintiffs' counsel will certainly ask Defendants about how they applied for the warrants, what information they knew, what was conveyed to the magistrate, and how long Plaintiffs were detained. This information is relevant to Defendants' knowledge of the key facts, their credibility as witnesses, and Plaintiffs' damages. Similarly, defense counsel in civil rights actions—whether the claims arise in the false arrest and/or malicious prosecution fact pattern— inevitably ask plaintiffs how long they were detained, what happened at any court proceedings, and how their experiences affected them. The scopes of discovery for a false arrest claim, on the one hand, and a false arrest and

---

[1] *See* Doc. 11-1 at 4 n.2.

malicious prosecution claim, on the other, are probably coterminous. To the extent there would be any material difference, it would be minimal and idiosyncratic, such that the burdens of a stay are unwarranted.

As to Claim II, Defendants have only moved to dismiss the portion of the claim asserting entitlement to facial invalidation of O.C.G.A. § 16-11-34.1.[2] As a result, the parties will need to conduct discovery as to all of the facts and circumstances of their as-applied challenges, including Plaintiffs' arrests and the resulting damages. A facial challenge, by its very nature, is not fact dependent. In the event Defendants' motion to partially dismiss Count II was granted, the scope of discovery would not be affected.

Similarly, as to Claim III, Plaintiff Williams' legislative immunity would not give rise to significant discovery. Essentially, the scope of this discovery would involve asking Defendants whether they knew she was a legislator and whether they knew that legislators had state law immunity from arrest. But critically, Defendants' motion to dismiss this aspect of Plaintiff Williams' claim only asserts that Williams cannot prevail on a theory that her legislative immunity *alone* insulated her from arrest.[3] Defendants do not seek to dismiss

---

[2] *See* Doc. 11-1 at 8 n.6.
[3] *See* Doc. 11-1 at 18.

Williams' claim to the extent her status as a legislator contributed in some way to the illegality of her arrest. Thus, the scope of discovery on this claim would also be unaffected regardless of whether Defendants' motion is granted in whole, in part, or not all.

Any possible material alterations to the scope of discovery arising from adjudication of Defendants' partial motion to dismiss are minimal and speculative. The delay caused by a stay is certain and significant.

## **CONCLUSION**

For all the above reasons, Plaintiff requests that this Court deny the Defendants Motion to Dismiss.[4]

Respectfully submitted, this 18th day of January, 2021.

Counsel for Plaintiffs Williams and Barrington-Ward:

> */s/David N. Dreyer*
> David N. Dreyer
> Georgia Bar No. 141322
> */s/Michael T. Sterling*
> Michael T. Sterling
> Georgia Bar No. 745667
> DREYER STERLING LLC
> 437 Memorial Drive, Suite A2
> Atlanta, Georgia 30312
> (404) 234-4447
> david@dreyersterling.com
> michael@dreyersterling.com

---

[4] Plaintiffs' counsel certifies that this brief is in Book Antiqua, 13 point.

Counsel for Plaintiffs Bathrick, Gaggero, Harris, Hooks, Smith, Tucker, Velez, and Zachary:

*/s/ Gerald Weber*
Gerald Weber
Georgia Bar No. 744878
LAW OFFICES OF GERRY WEBER, LLC
Post Office Box 5391
Atlanta, GA 31107
(404) 522-0507
wgerryweber@gmail.com

*/s/ Zack Greenamyre*
Zack Greenamyre
Georgia Bar No. 293002
MITCHELL & SHAPIRO LLP
3490 Piedmont Road, Suite 650
Atlanta, GA 30305
(404) 812-4751
zack@mitchellshapiro.com

*/s/ Ebony Brown*
Ebony Brown
Georgia Bar No. 412565
SOUTHERN CENTER FOR HUMAN RIGHTS
60 Walton Street, N.W.
Atlanta, GA 30303
(404) 688-1202
ebrown@schr.org

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the forgoing **PLAINTIFFS' OPPOSITION TO MOTION TO STAY** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record in this case.

DATED: This the 18th day of January, 2021.

*/s/David N. Dreyer*
David N. Dreyer
Georgia Bar No. 141322
DREYER STERLING LLC
437 Memorial Drive, Suite A2
Atlanta, Georgia 30312
(404) 234-4447
david@dreyersterling.com