IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NIKEMA WILLIAMS, Georgia Senator, DEVIN BARRINGTON-WARD, RICHARD BATHRICK, SHANNON COFRIN CAGGERO, RAYMOND (BEN) HARRIS, MARY HOOKS, PRISCILLA SMITH, DESMOND TUCKER, YOMARA VELEZ, and APRIL ZACHARY, <br><br>    Plaintiffs, <br><br>v. <br><br>COLIN POWELL, DARRIUS MAGEE, JAMES WICKER, JAMES WOBLE, JAVEN ROBERSON, JEFFREY ROGERS, JEREMIAH SLAY, JOSEPH GOBLE, JUSTIN GOLDEN, KEVIN HAWKINS, KYLE MCCLENDON, and MATTHEW RAY, Defendants, sued in their individual capacity and in their official capacity as Department of Public Safety Officers, <br><br>    Defendants. | CIVIL ACTION FILE <br><br> NO. 1:20-CV-4012-MHC |

### ORDER

This case comes before the Court on Defendants' Motion to Stay Discovery [Doc. 12] seeking a stay of discovery pending final resolution of their Motion to Dismiss [Doc. 11]. On September 29, 2020, Plaintiffs filed the above-styled Complaint, alleging: (1) unlawful seizure because O.C.G.A. § 16-11-34.1 is unconstitutional (Count I); (2) a violation of the First Amendment's fundamental right to speech and petition government (Count II); and (3) unlawful seizure due to legislative immunity (Count III, alleged by Williams against all Defendants). Compl. [Doc. 1] ¶¶ 82-108.

Defendants' Motion to Dismiss seeks the dismissal of less than all of the claims asserted in the Complaint. For example, Defendants' motion seeks to dismiss the malicious prosecution portion of the claim in Count I for unlawful seizure but does not address the false arrest aspect of that claim. The motion seeks the dismissal of the facial challenge to O.C.G.A. § 16-11-34.1 in Count II, but does not address the "as-applied" challenge to the statute or the claim as it relates to Plaintiff's arrest in retaliation for their protected speech. Finally, the motion seeks to invalidate Williams's argument that her legislative immunity alone would not protect her from arrest but does not seek to otherwise dispose of Williams's claim premised on her false arrest.

Defendants' current Motion to Stay seeks to stay discovery as it relates to all claims in the case, not just those implicated by their Motion to Dismiss, arguing that a favorable ruling from the Court on all or part of their Motion to Dismiss would render discovery on the challenged claims unnecessary and could determine the scope of discovery. Defendants argue that a stay will avoid undue costs and burdens of discovery. Plaintiffs argue that even if the Court were to grant Defendants' pending Motion to Dismiss, some of each claim would remain in this case and therefore discovery on each claim would still need to take place.

The Court has broad discretion to manage its own docket. This includes "broad discretion to stay discovery pending decision on a dispositive motion." Panola v. Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985) (citations omitted); see also LR 26.2B, NDGa ("The court may, in its discretion, shorten or lengthen the time for discovery.")

The Court finds that no judicial efficiency will be achieved by granting a stay as to discovery or the parties' pretrial obligations (e.g., initial disclosures, conference and reporting obligations under Local Rules 16 and 26) in this case

pending the adjudication of the pending Motion to Dismiss. Accordingly, for the foregoing reasons, Defendants' Motion to Stay Discovery [Doc. 12] is **DENIED**.

**IT IS SO ORDERED** this 10th day of March, 2021.

MARK H. COHEN
United States District Judge

4