IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NIKEMA WILLIAMS, Georgia Senator, DEVIN BARRINGTON-WARD, RICHARD BATHRICK, SHANNON COFRIN CAGGERO, RAYMOND (BEN) HARRIS, MARY HOOKS, PRISCILLA SMITH, DESMOND TUCKER, YOMARA VELEZ, and APRIL ZACHARY,<br><br>    Plaintiffs,<br><br>v.<br><br>COLIN POWELL, DARRIUS MAGEE, JAMES WICKER, JAMES WOBLE, JAVEN ROBERSON, JEFFREY ROGERS, JEREMIAH SLAY, JOSEPH GOBLE, JUSTIN GOLDEN, KEVIN HAWKINS, KYLE MCCLENDON, and MATTHEW RAY, Defendants, sued in their individual capacity and in their official capacity as Department of Public Safety Officers,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:20-CV-4012-MHC |

**ORDER**

On August 20, 2021, this Court certified the following question to the Supreme Court of Georgia: "Does O.C.G.A. § 16-11-34.1, in whole or in part, violate Article I, Section I, Paragraphs V or IX (or any other provision) of the Georgia Constitution?" Aug. 20, 2021, Order [Doc. 27] at 9. This Court stayed this case pending the Supreme Court's opinion on the certified question. Id.

On February 15, 2022, the Supreme Court of Georgia issued a decision that declined to answer the certified question indicating that it may be anticipatory in nature as questions of whether Defendants are entitled to qualified immunity and whether O.C.G.A. § 16-11-34.1 violates the United States Constitution "could make an answer to the certified question unnecessary." Williams v. Powell, No. S22Q0097 (Ga. Sup. Ct. Feb. 15, 2022), slip. op. at 3-4.

Based upon the decision of the Supreme Court of Georgia, this Court does

not intend to seek further guidance from that Court at this time. Accordingly, it is hereby **ORDERED** that this case be **REOPENED**.[1]

**IT IS SO ORDERED** this 1st day of November, 2022.

_____
MARK H. COHEN
United States District Judge

---

[1] Plaintiffs filed an Amended Complaint [Doc. 30] on September 14, 2022. "An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." Dresdner Bank, A.G. v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (internal punctuation and citation omitted). Additionally, Defendants have filed a Motion to Dismiss the Amended Complaint [Doc. 31]. Because Plaintiffs have amended their complaint (making the Amended Complaint the operative complaint in this case), and Defendants have moved to dismiss the Amended Complaint, Defendants' original Motion to Dismiss [Doc. 11] is hereby **DENIED AS MOOT**. See Gulf Coast Recycling, Inc. v. Johnson Controls, Inc., No. 8:07-CV-2143-T-30TBM, 2008 WL 434880, at *1 (M.D. Fla. Feb. 14, 2008) ("The filing of the amended complaint renders Defendants' earlier filed Motion to Dismiss moot.").

3